# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EARNEST L. JOHNSON, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL MARINE TERMINAL OF MILWAUKEE,<br><br>    Defendant. | Case No. 13-CV-490-JPS<br><br><br><br><br>ORDER |

  The plaintiff, Earnest L. Johnson, Jr., a prisoner incarcerated at Chippewa Valley Correctional Treatment Facility ("CVCTF"), proceeds *pro se* in this matter in which he alleges that his civil rights were violated. (Docket #1). On September 18, 2014, Magistrate Judge William E. Duffin screened the plaintiff's Amended Complaint (Docket #13) and found that it stated a claim against defendant Federal Marine Terminal of Milwaukee[1] ("FMT") for a race discrimination claim under Title VII. (Docket #20). On October 21, 2014, defendant FMT declined jurisdiction by a U.S. Magistrate Judge (Docket #28) and the case was transferred to this branch of the Court.

  On November 17, 2014, defendant FMT filed a Motion for Summary Judgment on the basis of the applicable statute of limitations. (Docket #35). On December 3, 2014, the plaintiff filed a Cross-Motion for Summary

---

[1] The Court notes that the words "of Milwaukee" do not appear to be part of the defendant's name. However, FMT waived service requirements and accepted the Amended Complaint as it appears in the caption. (Docket #36 at 1 n.1).

Judgment.[2] (Docket #46). The motions are now fully briefed and ready for disposition. As discussed in detail below, the Court finds as a matter of law that the defendant is entitled to summary judgment based on the applicable statute of limitations.

1.  FACTUAL BACKGROUND

The material facts regarding the application of statute of limitations under Title VII to bar the instant case are not in dispute.[3] Plaintiff Earnest L. Johnson, Jr. was employed by Defendant FMT at its Milwaukee, Wisconsin, facility at least from 2002 through 2007. (Amended Complaint ("Am. Compl."), Docket #13 at 2-7). The plaintiff alleges that he was the victim of unlawful discrimination during the 2003 to 2005 shipping seasons as well as in 2007. (*Id.* at 2-4). The plaintiff alleges that he "went to Equal Rights Division – Equal Employment Opportunity Commission" about this discrimination, but his "case was dismissed September 18, 2007." (*Id.* at 4-5, 16).

On or about March 24, 2008, the Equal Rights Division of the Wisconsin Department of Workforce Development ("ERD") issued a determination that "there was no probable cause" to believe that unlawful discrimination had occurred based on Plaintiff's charges of racial

---

[2]Although the plaintiff titled this filing as a motion for summary judgment, upon review the Court finds that its content is that of an opposition rather than a motion for summary judgment. The plaintiff clearly states "[t]here are genuine issue of material fact in regard to plaintiff's allegations…" (Docket #46 at 2). As such, the Court will treat this filing as part of the plaintiff's opposition to the defendant's motion.

[3]The plaintiff has filed an abundance of documents in this matter, including various declarations, affidavits, and briefs. However, in the interest of clarity and brevity, the Court will focus only on the facts related to the statute of limitations argument at issue here.

discrimination against him by his union between 1997 (six years prior to 2003) and 2007, and certified that he could pursue a hearing about this before the ERD. (Pl's Ex. 12, Docket #13-12). On or about February 28, 2008, Plaintiff filed an appeal of the "no probable cause initial determination" in regard to these allegations. (Pl's Ex. 13, Docket #13-13). On July 24, 2009, an administrative law judge of the ERD dismissed the ERD complaint with prejudice and transferred all further activity about the Equal Employment Opportunity Commission ("EEOC") charge to the EEOC. (Levy Decl. Ex. 1, Docket #39-1). On August 21, 2009, the EEOC issued a "Notice of Right to Sue (Issued on Request)" to Plaintiff, informing him that his "lawsuit under Title VII…must be filed…WITHIN 90 DAYS…or your right to sue based on this charge will be lost." (Levy Decl. Ex. 2, Docket #39-2 (emphasis in original)).

In November of 2009, the plaintiff filed a lawsuit against his union, International Longshoreman's Association Local 815, AFL-CIO, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2. *(See* 09-CV-1094 (E.D. Wis.)). In that case, summary judgment was granted in favor of the union on June 1, 2012, upon which judgment was affirmed by the Court of Appeals for the Seventh Circuit on March 29, 2013. (09-CV-1094, Docket #68, #85).

The plaintiff filed this case on May 2, 2013, naming various defendants who were later dismissed from this action. (Docket #1). On February 10, 2014, the plaintiff filed an Amended Complaint naming defendant FMT. (Docket #13). On September 18, 2014, Magistrate Judge William E. Duffin screened the Amended Complaint and allowed a discrimination claim under Title VII to proceed against FMT. Judge Duffin's screening order specifically noted that it was "highly improbable that the present action is timely,"

however, found that the Amended Complaint satisfied the minimal pleading requirements to survive screening. (Docket #20 at 6).

2.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4).

3. ANALYSIS

The Supreme Court has long held that statutes of limitations:

represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that "the right to be free of stale claims in time comes to prevail over the right to prosecute them."

*United States v. Kubrick*, 444 U.S. 111, 117 (1979) (quoting *R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 349 (1944)).

For those wishing to pursue claims under Title VII, the act imposes various strict time limits, two of which are relevant here. First, a person who allegedly suffered discrimination in Wisconsin must file a complaint with the Equal Employment Opportunity Commission ("EEOC") not more than 300 days after the discrimination occurred. *See Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007) (citing 42 U.S.C. § 2000e-5(e)(1)).

Second, a person who is denied relief by the EEOC may pursue a lawsuit in federal court only if the federal lawsuit is initiated within 90 days of receiving a "right to sue" letter from the EEOC. *Lee v. Cook Cnty.*, 635 F.3d 969, 971 (7th Cir. 2011) (citing 42 U.S.C. § 2000e-5(f)(1)). In most situations, the statutory 90-day filing period commences when the plaintiff receives actual notice of her right to sue. *Houston v. Sidley Austin*, 185 F.3d 837, 839 (7th Cir. 1999). However, when the claimant does not receive the notice in a timely fashion due to her own fault, the "actual notice" rule does not apply. *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1316–17 (7th Cir.1984). For example, if a claimant fails to notify the EEOC of a change of address, then the claimant cannot later rely on the "actual notice" rule. *Id.* at 1317.

Here, there is no question that the plaintiff's complaint is time-barred. The plaintiff had an obligation to file an administrative charge naming FMT within 300 days of the alleged discrimination to give "the employer some

warning of the conduct about which the employee is aggrieved and afford[] the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005); *accord Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013). The plaintiff failed to do so here.

Based upon the plaintiff's Amended Complaint, it appears that the alleged discrimination occurred no later than on August 21, 2007. (*See* Docket #13 at 8-9). The plaintiff had 300 days from that date, i.e. until June 16, 2008, in which to file with the EEOC a claim of discrimination against FMT. There is no evidence of any discrimination charges filed by plaintiff against FMT in regard to a discrimination claim prior to the service of the Amended Complaint which was accepted by Defendant on October 21, 2014. (Aff. of Kether A. Shemie, Docket #27). Moreover, the plaintiff concedes that he has been incarcerated since May 20, 2010, and, thus, whatever discrimination he suffered on the job must have ended over three years before he sought to name FMT as a defendant. (Pl's Answer Br., Docket #48 at 3). As such, the only evidence presented to the Court is that the plaintiff failed to comply with the 300-day deadline to file a claim against defendant FMT.

The plaintiff appears to argue that he did not receive the "right to sue" notice in August of 2009 because he lost his home. (*Id.* at 2). The plaintiff alleges that the union "knew [his] address and phone number" but did not send him a notice of a right to sue. (*Id.* at 4). However, the plaintiff never alleges that he notified the EEOC of his updated address. As a result, the plaintiff cannot now argue that he did not have actual notice of the right to sue because he failed to supply the EEOC with a current address. *See St. Louis*, 744 F.2d at 1317 (holding that if a claimant fails to notify the EEOC of

a change of address, then the claimant cannot later rely on the "actual notice" rule).

Morever, the plaintiff's own actions indicate that he did in fact know that he had to take the union to court within 90 days of receiving the "right to sue" letter, for he did just that in 2009 when he filed his original complaint against the union. (*See Johnson v. Int'l Long Shorman's Assoc. AFL-CIO Local 815,* 09-CV-1094-PJG (E.D. Wis. 2009)). A plaintiff cannot wait from the 2007 discrete act on which he bases his discrimination claim until his original respondent (the union) is dismissed from that litigation in 2012 and then treat the employer as if it had been charged and put on notice of that claim seven years before naming it in the suit. Accordingly, the Court finds that the plaintiff's action is time-barred and, therefore, must be dismissed.

4. CONCLUSION

For the reasons stated above, the Court finds that this suit is time-barred. Thus, defendant FMT is entitled to summary judgment as a matter of law and the Court will dismiss this action in its entirety with prejudice.

Accordingly,

IT IS ORDERED that the defendant's Motion for Summary Judgment on the basis of the applicable statute of limitations (Docket #35) be and the same is hereby GRANTED, as more fully described in detail above, and that this action be and the same is hereby DISMISSED with prejudice;

IT IS FURTHER ORDERED that the plaintiff's Motion to File an Oversized Brief (Docket #41) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the plaintiff's Motion for Summary Judgment (Docket #46) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the plaintiff's Motions for Order (Docket #45, #61) be and the same are hereby DENIED as moot; and

IT IS FURTHER ORDERED that the plaintiff's Motion for Discovery (Docket #23), Motion to Subpoena (Docket #24), and Motion for Payment of Court Fees (Docket #25) be and the same are hereby DENIED as moot.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of February, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge